Curran v. Morrissette, et al.          CV-97-547-M    07/01/99
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Jennifer Curran,
     Plaintiff

     v.                                    Civil No. 97-547-M

Peter E. Morrissette d/b/a
Joyce Janitorial Services and
Lakes Region Party & Paper Supply,
     Defendants


                          **O R D E R**


     Plaintiff, Jennifer Curran, brings this Title VII action

against her former employer Peter Morrissette, alleging that

Morrissette sexually harassed her throughout the course of her

employment.  See 42 U.S.C. § 2000e.  She also brings claims under

New Hampshire common law for negligent and intentional infliction

of emotional distress.


     Morrissette is the owner of Lakes Region Party and Paper

Supply Store ("LRPP") and Joyce Janitorial Services, both of

which are sole proprietorships, as to which he holds lawfully

registered trade names.  He has moved for summary judgment,

asserting that LRPP, rather than he, was plaintiff's employer.

And, he claims that LRPP is not subject to liability under Title

VII because it does not employ "15 or more employees for each

working day in each of the 20 or more calendar weeks in the

current of preceding year."  42 U.S.C. § 2000e(b).  Accordingly,

he asserts that the court lacks subject matter jurisdiction over plaintiff's claims.  Plaintiff objects.

Rather than focus on Morrissette as her employer, plaintiff has followed defendant's lead and has directed her efforts toward establishing that LRPP meets the statutory definition of employer.  While she concedes that LRPP employs fewer than the requisite number of employees to be liable under Title VII, Curran claims that Morrissette operated LRPP and Joyce Janitorial Services as a single enterprise and, therefore, the number of employees of both entities should be aggregated to determine whether the requisite number of employees is met for Title VII coverage.

**Standard of Review**

There is some disagreement as to whether the "15 employees" requirement set forth in Title VII is a prerequisite to the court's exercise of subject matter jurisdiction over a plaintiff's claims or whether it is simply an essential element of the cause of action.  See generally E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621, 623-24 (D.C. Cir. 1997) (discussing the split in the circuits over this issue).  The majority of courts which have addressed the issue appear to agree that it is a jurisdictional prerequisite to the maintenance of a Title VII claim.  See, e.g., Lyes v. City of Riviera Beach, Florida, 166 F.3d 1332, 1340 (11th Cir. 1999) ("Because we have

2

treated the question of whether a defendant meets the statutory definition of 'employer' as a threshold jurisdictional matter under Title VII, a plaintiff must show that her 'employer' had fifteen or more employees for the requisite period under the statute before her claims can be reached.") (citations omitted).

This court shares the view that plaintiff bears the burden of establishing that defendant employs the statutorily prescribed minimum number of employees before the court may properly exercise jurisdiction over his or her Title VII claims. See Hoar v. Prescott Park Arts Festival, Inc., 39 F.Supp.2d 109, 110 (D.N.H. 1997) ("Thus, the jurisdictional question presented by defendant's motion to dismiss is whether plaintiff can show that defendant had the statutorily required number of employees in the pertinent years."). Consequently, although it is presented as a motion for summary judgment, defendant's motion is perhaps more correctly viewed as a motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). As discussed above, absent evidence that a Title VII defendant employs the statutorily prescribed number of employees, the court lacks subject matter jurisdiction over plaintiff's claims. Accordingly, as the party asserting jurisdiction, plaintiff bears the burden of demonstrating that it exists.

**Background**

Morrissette employed plaintiff as the manager of LRPP from February 15, 1996 until October 26, 1996, during which time fewer than 15 employees worked in the LRPP store. Curran's duties included ordering merchandise for LRPP, making daily deposits on behalf of LRPP, acting as the business's cashier, and handling inquiries from customers. Although Morrissette denies this point, Curran also claims (as part of her thesis that LRPP and Joyce Janitorial Services should be viewed as a "single employer") that she performed a few, relatively modest tasks for Joyce Janitorial Services, such as fielding phone calls from employees when they were calling to let Morrissette know that they would be unable to make it to work, or taking personal messages for employees at Joyce Janitorial Services.

Morrissette owns and operates both LRPP Joyce Janitorial Services, where he employs approximately 40 full-time and 40 part-time employees. Joyce Janitorial Services is a commercial cleaning business. Its largest customers appear to be Shop N' Save (five stores) and Ames Department Stores (17 stores). Joyce Janitorial Services maintains its headquarters in the same building as LRPP, but in a separate office. The building is owned by defendant's mother, Silvia Morrissette.

In support of his claim that LRPP and Joyce Janitorial Services are legally distinct entities (and, therefore, should

4

not be viewed as a "single employer" for Title VII purposes),
Morrissette points out that they: (1) maintain separate checking
accounts in different banks; (2) advertise under separate yellow-
page headings; (3) utilize separate business cards; (4) do not
intermingle funds between bank accounts; and (5) maintain
separate worker's compensation policies. Additionally, separate
individuals are employed to manage LRPP and Joyce Janitorial
Services.

There is, however, substantial overlap between the two
businesses. Perhaps the most obvious link between the companies
is that defendant is the sole owner of both entities.
Additionally, Joyce Janitorial Services employs a bookkeeper who
prepares and oversees the payroll for both companies and issues
payroll checks to employees of both companies. And, while he
disclaims any supervisory responsibility over the hiring and
firing of employees of LRPP as well as its day-to-day operations,
Morrissette is, at a minimum, responsible for hiring the store's
manager. He makes all final decisions concerning employee pay
raises, and he signs all employee's checks.[1]

_____

[1] In his deposition, defendant testified that he
exercised management and supervisory authority over all LRPP
employees and made all hiring and firing decisions for LRPP,
suggesting that he had a significant role in the daily decision-
making and operations of LRPP. See Morrissette deposition at 11-
12. In support of his motion for summary judgment, however,
defendant has submitted an affidavit in which he attempts to
limit those responses. In that affidavit, defendant asserts: "It
is the manager's responsibility to hire and fire employees at the
Lakes Region Paper & Party Supply. In my deposition, I was asked
on page 12 if I managed and supervised all employees of Lakes

## Discussion

Title VII defines "employer" in broad terms: "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The statute defines "person" in equally broad terms, providing that it includes:

> one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers.

42 U.S.C. § 2000e(a) (emphasis supplied). Thus, it is clear from the plain language of the statute (as well as the legislative intent underlying it) that an individual doing business as a "sole proprietor" may be an "employer" under Title VII. See E.E.O.C. v. Oak Lawn Ltd. II, 987 F.Supp. 647, 650 (N.D. Ill. 1997) ("if the individual is a sole proprietor, with 15 or more employees, the sole proprietor is liable under Title VII.").

Region Paper & Party Supply. I answered that that was correct. When I answered this question, I assumed that I was being asked about Jennifer Curran who was the plaintiff in this case, who was the manager of the store. Once I have hired the manager of the store, it is up to the manager of the store to hire and fire employees." Morrissette affidavit at para. 13.

Here, it is undisputed that Morrissette operates his various ventures as a sole proprietor. Thus, notwithstanding the fact that he has registered distinct trade names for those ventures, it may be unnecessary to look beyond the fact that he employs, in total, more than 15 employees to assist him in carrying out those ventures.

Stated somewhat differently, it is undisputed that Morrissette employed plaintiff and that he also employed more than the jurisdictional minimum number of employees. Unlike the more common situation, in which a Title VII plaintiff is employed by a corporation, plaintiff in this case was employed by an individual, who has chosen to conduct business as an unincorporated, sole proprietor. Consequently, one might reasonably argue that the court's jurisdictional inquiry may end there, with the finding that Morrissette employed more than 15 employees for the requisite period of time and, therefore, is an "employer" under Title VII. That defendant chooses to call his various ventures by different names and entertains the fiction that his employees are actually "employed by" LRPP or Joyce Janitorial Services may be irrelevant insofar as those ventures are not operated by legally distinct entities; rather, they are owned and operated by Morrissette and it is he who employs more than 15 individuals.[2]

---

[2] The "sole proprietor" is, perhaps, the most common means by which business is conducted, at least for small ventures. One legal commentator has described it at follows:

Nevertheless, the parties appear to agree that the court should: (1) entertain the fiction that plaintiff was employed by LRPP (rather than defendant); and (2) treat LRPP and Joyce Janitorial Services as legal entities distinct from defendant. And, because LRPP has fewer than 15 employees, Curran urges the court to consider whether, when determining if LRPP employs the jurisdictionally mandated minimum number of employees, it is appropriate to aggregate the number of employees working at Joyce Janitorial Services with those working at the LRPP store. In support of that position, Curran claims that LRPP and Joyce Janitorial Services should be viewed as a "single employer." See Plaintiff's memorandum in opposition to summary judgment (document no. 9) at 4.

In this area of labor relations, there are two related but distinct concepts which may apply when a court is presented with the task of determining whether a defendant employs the

---

> The individual proprietorship or sole proprietorship - the two terms being interchangeable - is the oldest, simplest, and most prevalent form of business enterprise. . . . In short, the individual proprietor is the "boss", personally employing others as employees or agents. The business contracts - those made personally or by agents within their actual or apparent authority, or when made beyond the agency power, ratified - are the proprietor's contracts. As to torts, the proprietor is responsible directly for those personally committed and vicariously (respondeat superior) for those committed by employees within the scope of their employment. The proprietor's personal liability, therefore, is unlimited, subject to possible protection by contractual stipulation or insurance.

Harry Henn & John Alexander, Law of Corporations, 57-58 (3d ed. 1983) (emphasis supplied).

jurisdictionally mandated minimum number of employees: the "single employer" doctrine and the "joint employer" doctrine. As the Court of Appeals for the First Circuit has observed, "The courts, in the Title VII context, have inappropriately used the terms 'single employer' and 'joint employer' interchangeably, which in fact refer to two distinct concepts." <u>Rivas v. Federacion de Asociaciones Pecuarias</u>, 929 F.2d 814, 820 n. 16 (1st Cir. 1991).

The Court of Appeals for the Second Circuit has explained the distinction between these two concepts as follows:

> A "single employer" situation exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a "single employer." The single employer standard is relevant when separate corporations are not what they appear to be, that in truth they are but divisions or departments of a "single enterprise." In contrast, in a "joint employer" relationship, there is no single integrated enterprise. A conclusion that employers are "joint" assumes that they are separate legal entities, but that they have merely chosen to handle certain aspects of their employer-employee relationships jointly.

<u>Clinton's Ditch Co-op. Co., Inc. v. NLRB</u>, 778 F.2d 132, 137 (2d Cir. 1985) (citations and internal quotation marks omitted).

In this case, it is clear that plaintiff relies exclusively upon the "single employer" (or, as she calls it, the "single enterprise") theory in support of her claim that LRPP employs a

9

sufficient number of individuals to fall within the scope of Title VII.  See Plaintiff's memorandum at 4.

In Rivas, supra, the court of appeals explained the "single employer" concept as follows:

> The "single employer" inquiry . . . involves the question of whether two allegedly separate business enterprises should in fact be treated as a single entity.  In Radio and Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc., 380 U.S. 255, 256 (1965), the Supreme Court recognized the validity of the National Labor Relations Board's approach in a labor dispute to determining whether various business entities constitute a "single employer" by considering whether they "comprise a single enterprise."  Id.  The Supreme Court set out the standard for the "single employer" inquiry as follows: "[I]n determining the relevant employer, the [National Labor Relations] Board considers several nominally separate business entities to be a single employer where they comprise an integrated enterprise . . . . The controlling criteria . . . are interrelation of operations, common management, centralized control of labor relations and common ownership."  Radio & Television Broadcast Technicians, 380 U.S. at 256.

Rivas, 929 F.2d at 820 n.16.  See also Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993-94 (6th Cir. 1997).  None of these four factors is conclusive and all four need not necessarily be present for the court to determine that two entities are, in fact, a single employer for purposes of Title VII.  See Id., at 994.

Here, the court is satisfied that, to the extent it is appropriate to consider whether Joyce Janitorial Services and LRPP are a "single employer," plaintiff has demonstrated that

10

they are.  Among other things, the following factors support the conclusion that LRPP and Joyce Janitorial Services are a "single employer" under Title VII.  First, and perhaps most importantly, Morrissette operates those ventures as a sole proprietor - they are not legally distinct entities unto themselves.  Rather, "Joyce Janitorial Services" and "LRPP" are simply different trade names under which Morrissette employs workers, provides services to the public, and otherwise conducts business.  Additionally, Joyce Janitorial Services and LRPP operate from the same geographic location (although Morrissette does maintain separate offices for them) and they share storage space in an adjacent garage or warehouse; at a minimum, Morrissette makes all management level hiring and firing decisions for both Joyce Janitorial Services and LRPP; the payrolls for both are prepared by the same person, all paychecks are drawn on the same account, and Morrissette signs all paychecks; LRPP provides Joyce Janitorial Services with paper and cleaning supplies; and, finally, at least one person (Heidi Swanson) worked at both Joyce Janitorial Services and LRPP and yet collected a single paycheck.

## Conclusion

As the party asserting that the court has jurisdiction over her claims, Curran must demonstrate that defendant, Peter Morrissette, is an "employer" within the meaning of Title VII.  To do so, she must demonstrate that Morrissette employed at least

11

15 employees for each working day of twenty or more calendar weeks. She has carried that burden.

If the court simply considers the total number of Morrissette's employees, without regard to the fact that he pursues his business ventures under two distinct trade names, it is clear that he meets the statutory definition of "employer." Alternatively, if the court must instead treat those business ventures as distinct (notwithstanding the fact that they are operated as sole proprietorships, rather than cognizable and independent legal entities, such as partnerships or corporations), the result is the same. There is sufficient interrelation of operations, common management, centralized control of labor management, and common ownership to warrant treating LRPP and Joyce Janitorial Services as a "single employer" under Title VII. Doing so, the court may then consider the total number of employees working for both ventures in determining whether LRPP employs the jurisdictionally mandated minimum number of employees. That, in turn, yields the conclusion that LRPP employs more than 15 employees.

For the foregoing reasons, the court concludes that defendant, Peter Morrissette, is an "employer" under Title VII. Accordingly, it has subject matter jurisdiction over plaintiff's claims. Defendant's motion for summary judgment (document no. 8) is, therefore, denied.

12

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 1, 1999

cc:  Steven M. Latici, Esq.
     Finis E. Williams, III, Esq.